UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

                        v.          09-CR-156S(Sr)

BRANDON LIGGANS,

        Defendant.

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #16.

## PRELIMINARY STATEMENT

The defendant, Brandon Liggans, is charged in a three-count Indictment with having violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) (Count 1) and Title 18, United States Code, Section 924(c)(1) (Count 2). Dkt. #1. The defendant also faces a forfeiture count (Count 3) pursuant to Title 18, United States Code, Sections 924(d) and 3665[1], and Title 28, United States Code, Section 2461(c). Dkt. #1.

---

[1] The Court notes that the Indictment incorrectly states that forfeiture is being sought pursuant to Title 21, United States Code, Section 3665.

Presently pending before this Court is the defendant's omnibus motion for discovery (Dkt. #17). In addition to the requests for discovery set forth in the instant motion, the defendant has sought the suppression of physical evidence and statements. Dkt. ##17 and 19. This Court's Report, Recommendation and Order with respect to the motion to suppress will be considered and filed separately. The government has filed its response to the pending omnibus discovery motion, as well as a motion for reciprocal discovery. Dkt. #18. Each of the defendant's requests and the government's responses will be separately addressed below using the headings set forth in the defendant's motion.

## DISCUSSION AND ANALYSIS

In its response to the defendant's broad discovery requests, the government states that,

> it provided, pursuant to voluntary discovery[,] material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B). Additional discovery will be provided under a separate cover and the government is aware of its ongoing discovery obligations. The government has made an additional request of law enforcement and will provide additional materials voluntarily.

Dkt. #18, p.11. In addition, the government further states that "pursuant to Rule 12(b)(4) the government intends to use all items that the defendant has been provided with or been made aware of as part of the government's case in chief." *Id*.

**"Discovery Pursuant to Federal Rules of Criminal Procedure Rule 12 and 16"**

The defendant seeks the production of documents and evidence within the following twelve categories.

1. **Defendant's Statements**

By this request the defendant seeks copies of any written or recorded statements and the substance of any statement made by the defendant (written or oral) to a government agent. Dkt. #17, p.3. In addition, the defendant seeks the production of any statements which may have been secretly recorded and any agent's summaries concerning the substance of defendant's oral statements. *Id*. In its response, the government states that all written and recorded statements of the defendant have been provided or will be provided, as well as the substance of any oral statements made by the defendant before and after his arrest in response to interrogation by any person known to the defendant to be a government agent. Dkt. #18, p.11. Accordingly, based on the representations made by counsel for the government, that such statements have been provided or will be provided to the defendant, defendant's request is denied as moot.

2. **Defendant's Prior Criminal Record**

This request seeks the production of the defendant's prior criminal record and any prior similar or bad acts which the government intends to introduce at trial. Dkt. #17, p.4. The Court notes that in a separate section of his omnibus discovery

motion, the defendant seeks an "advance ruling pursuant to Federal Rules of Evidence 403(b) and 609 prohibiting the Government's use of prior convictions or proof of the prior commissions of other crimes, wrongs or acts either in its direct case or to impeach the Defendant." Dkt. #17, p.5. In its response, the government states that not only does the defendant have full knowledge of his criminal history, but the government has previously provided to the defendant copies of his arrest records. Dkt. #18, pp.13 and 15. In addition, the government further states that should the defendant testify at trial, the government will use whatever convictions the trial court determines are admissible to attack the defendant's credibility. Dkt. #18, p.15. Generally, with respect to the defendant's request concerning "other acts" evidence, the government states that it "will advise the defendant of its intent to use "other acts" evidence pursuant to Fed. R. Evid. 404(b), or its intent to offer evidence pursuant to Fed. R. Evid. 608(b) and 609, at the time it is ordered to do so by the district court or consistent with its disclosure of Jencks material." Id. Accordingly, that portion of defendant's request relating to his criminal history report is denied as moot. Moreover, based on the representations made by counsel for the government, defendant's request concerning "other acts" evidence is also denied as moot. The Court will separately address below, the defendant's request for "an advance ruling on the admissibility of such evidence."

### 3. "Documents, Consents to Search and Tangible Evidence"

By this request the defendant seeks the production of any documents, consents to search or tangible objects including guns and drugs seized which the government intends to use at trial, or is material to the defense or was obtained from

the defendant.  Dkt. #17, p.4.  The government states in its response that it "has made available all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant."  Dkt. #18, p.12.  In addition, the government further states "the defendant is apprised that he can examine such material pursuant to Rule 12(b)(4)(B), such evidence shall be used by the government against them [sic] at trial."  *Id*.   Accordingly, based on the representations made by counsel for the government, that the defendant has been made aware of or has been given access to all documents and tangible evidence, defendant's request is denied as moot.

    **4.**    **"Physical and Mental Examinations, Scientific Reports, Tests or Experiments"**

The defendant seeks the production of "all physical examinations, mental examinations, scientific reports, tests or experiments and all findings, scientific or technical data upon which such reports are based."  Dkt. #17, p.4.   In its response, the government states that,

> [t]he results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendant, have been provided, or will be provided.  If any further reports are forthcoming, they will be provided upon receipt by the government.

Dkt. #18, p.12.   Accordingly, based on the representations made by counsel for the

government, that such reports have been made available to the defendant, have been provided or will be provided to the defendant, defendant's request is denied as moot.

### 5. *Jencks*, *Brady* and *Giglio* Material

In three separately lettered requests, the defendant seeks the production of all *Jencks* Act material, *Brady* material and *Giglio* material. Dkt. #17, p.4. Specifically, the defendant requests the production of the statements of any known co-conspirators, any "negative exculpatory" statements, and any evidence that could be used to impeach government witnesses. *Id*. at pp.4-5. In its response, the government acknowledges its affirmative, continuing duty to provide the defendant with exculpatory evidence, as well as evidence that the defense might use to impeach government witnesses at trial. Dkt. #18, pp.13-14. In addition, the government further states,

> [i]n the instant case, the government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letter or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, and payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case.

Dkt. #18, p.14. Specifically, with respect to the production of *Jencks* Act material, the government further states that it will provide to the defendant all the material required to be provided pursuant to Title 18, United States Code, Section 3500, at a time "no later

than two weeks prior to trial or as ordered by the District Court." Dkt. #18, p.16. Moreover, the government has agreed that it will provide the grand jury testimony to the defendant at the same time it produces the *Jencks* Act material. *Id*.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Jencks, Brady* and *Giglio* and the revelation that the government has adopted a policy of turning such information over to the defendant prior to trial, the defendant's request is denied as moot, and the government is hereby directed to comply with that policy, as well as the Second Circuit Court of Appeals' holding in

*United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of the aforementioned materials to the defendant.

### 6. Identity and Address of Government Informants

The defendant requests the disclosure of the identity and addresses of the confidential informant(s) who were witness to or participated in the criminal transaction. Dkt. #17, p.5. In its response, the government states that the disclosure of the requested information is "unwarranted." Dkt. #18, p.17. More specifically, the government states,

> [h]ere, the defendant has not made any showing sufficient to establish that the informant's testimony or identity is significant to determining the defendant's guilt or innocence in this matter and further, the confidential informant's testimony is not relevant to the guilt of the accused. Law enforcement officers obtained consent to search 72 Burgard from the defendant's mother. As a result, disclosure of any informants who may have provided information to the police that illegal firearms were stored inside the house is unwarranted.

Dkt. #18, p.18. The Court agrees that to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that

> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential

> informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). Accordingly, insofar as the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case, defendant's request is denied without prejudice.

### 7. "Hearing Under Federal Rules of Evidence 403, 404(b) and 609"

Defendant requests that this Court make an advance ruling pursuant to Federal Rules Evidence 403(b) and 609 prohibiting the government's use of prior convictions or proof of prior commissions of other crimes, wrongs or acts either its direct case or to impeach the defendant should the defendant testify. Dkt. #17, p.5. In its response, the government states that it will advise the defendant of its intention to use "other acts" evidence pursuant to Rule 404(b) or of its intent to offer evidence pursuant to Rule 608(b) and 609 at the time it is ordered to do so by the trial judge or consistent with its disclosure of *Jencks* Act material. Dkt. #18, p.15. Accordingly, based on the

representations made by counsel for the government, defendant's request is denied as moot.  Moreover, the Court agrees with the government, any issues concerning the admissibility of such evidence is a matter left to the discretion of the trial judge.

### 8. Disclosure of Experts

Pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of any expert witness reports, as well as the disclosure of the names, qualifications and a synopsis of each expert's expected testimony.  Dkt. #17, p.6.  In its response, the government states that it will comply with the defendant's requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 of the Federal Rules of Evidence in advance of trial as directed by the trial judge.  Dkt. #18, pp.18-19.  Moreover, the government states that additional scientific reports, if any, will be provided when they become available.  *Id*.  Based on the representations made by counsel for the government, defendant's request is denied as moot.

### 9. Disclosure of All Sentencing Guideline Information

By this request the defendant seeks disclosure of the following Sentencing Guidelines information: offense guideline(s) applicable to the charges; the base offense level; aggravating specific offense characteristics; "Chapter 3" adjustments regarding victim, role, obstruction or acceptance of responsibility; criminal history category; the grounds the government may seek an "upward modification" from

the applicable guideline range; and any facts, information and other evidence that could give rise to a motion for a downward departure. Dkt. #17, pp.6-7. In its response, the government submits that pre-trial discovery in a criminal case is governed by Rules 12 and 16 of the Federal Rules of Criminal Procedure. As a result, the government asserts that it is not obligated to obtain and/or provide all items that may be relevant to the United States Sentencing Guidelines. Dkt. #18, p.19. There is no legal requirement that a defendant be provided with "sentencing guideline" calculations prior to trial. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). It is also pointed out that in this District, a defendant is provided with a preview of the Pre-Sentence Investigation Report in advance of sentencing, and the factors to be considered in arriving at a sentence are already available to the defendant. Therefore, this request is denied.

10. **"Motion for Search of Personnel Files of Government Agent Witness"**

By this "motion," the defendant seeks an order requiring the government to search the personnel files and records of any government agent or police witness in this case to determine whether there exists *Brady* or *Giglio* material which must be disclosed to the defense. Dkt. #17, p.8. The government is ordered to review the personnel file of any government agent expected to testify at trial and to provide any material impeachment evidence to the district court for *in camera* review. *See United States v. Kiszewski,* 877 F.2d 210 (2d Cir. 1989).

11. **"Motion to Preserve Evidence"**

By this "motion," the defendant seeks an Order from this Court directing the government to preserve and retain intact and not to destroy, alter or misplace any evidence, tangible papers, reports, objects or other information relating in any way to the Indictment. Dkt. #17, p.10. In its response, the government acknowledges its obligation to ensure that agents preserve their rough notes. Moreover, the government further states, that it will instruct the agents to retain and preserve the rough notes in the investigation of the defendant in this matter. Dkt. #18, p.16. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [w]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also, United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the defendant's request is granted and the government is

-13-

hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

### 12. "Leave to Make Further Motions"

By this request, the defendant states that he "respectfully requests leave to make further motions should such motions become necessary following further disclosure by the government." Dkt. #17, p.12. This request is granted, provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order and subject to the limitations as contained in the aforesaid quote.

**The Government's Request for Reciprocal Discovery**

The government has made a request for reciprocal discovery. Dkt. #18, pp.19-20. The government has requested that the defendant permit it to "inspect and copy books, papers, documents, photographs, tangible objects, or copies of portions thereof which are in the possession, custody or control of the defendant in which the defendant intends to introduce as evidence-in-chief at the trial." Dkt. #18, p.19. In addition, the government seeks the disclosure of all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

**Rule 807 Residual Exception Statements**

The government also requests that the Court order the defendant to immediately comply with Rule 807 by notifying the government of his intention to offer statements covered by the residual hearsay exception. Dkt. #18, p.20. The defendant has not responded to this request. Accordingly, absent any opposition to this request by the defendant, the government's request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	Buffalo, New York
	March 31, 2010

				s/ H. Kenneth Schroeder, Jr.
				**H. KENNETH SCHROEDER, JR.**
				**United States Magistrate Judge**